# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. CR-22-106-G |
| | ) | |
| TERRELL DENNIS HUBBARD, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION OF THE UNITED STATES
## FOR A PRELIMINARY ORDER OF FORFEITURE

The United States of America respectfully submits its Motion for Preliminary Order of Forfeiture to be entered in the above-entitled case for the reasons set forth below:

1.    On June 15, 2022, Defendant Terrell Dennis Hubbard pleaded guilty to a one-count Indictment (Doc. No. 1) filed April 6, 2022, charging him with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1).  The Indictment sought forfeiture of any and all firearms and ammunition involved in the commission of the offense, including but not limited to the following:

1) fifteen rounds of 9mm Luger caliber cartridges bearing the markings "WMA 19" on the head-stamp;

2) one round of 9mm Luger caliber ammunition bearing the markings "G.F.L. 9mm LUGER" on the head-stamp;

3) two rounds of 9mm Luger caliber ammunition containing the markings ".FC. 9MM.LUGER" on the head-stamp;

4) four rounds of 9mm Luger caliber ammunition bearing the markings "SIG 9mm LUGER" on the head-stamp;

5) two rounds of 5.56 NATO caliber ammunition bearing the markings "LC 21" on the head-stamp; and

6) any and all ammunition and magazines not specified herein.

2.    The Court's jurisdiction in this matter is founded upon 21 U.S.C. § 853(l), which provides that "[t]he district courts of the United States shall have jurisdiction to enter orders as provided in this section without regard to the location of any property which may be subject to forfeiture under this section or which has been ordered forfeited under this section."

3.    Fed. R. Crim. P. 32.2 provides, in pertinent part, that:

(b)(1)(A) As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

(b)(1)(B) The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

(b)(2)(A) If the court finds that the property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and

directing the forfeiture of any substitute property if the government has met the statutory criteria.  The court must enter the order without regard to any third party's interest in the property.  Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

(b)(2)(B) Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).

(b)(2)(C) If, before sentencing, the court cannot identify all the specific property subject to forfeiture or calculate the total amount of the money judgment, the court may enter a forfeiture order that:

> (i) lists any identified property;

> (ii) describes other property in general terms; and

> (iii) states that the order will be amended under Rule 32.2(e)(1) when additional specific property is identified or the amount of the money judgment has been calculated.

(b)(3) The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights.  The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

4.      Based upon the plea of guilty, the United States has established the requisite nexus between the property and the offense to which Defendant has pleaded guilty.

3

Accordingly, the property listed above is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c).

5.       Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n)(1), the United States will publish notice of the Order on the Government's official Internet website, www.forfeiture.gov, in accordance with Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  Such notice will disclose the United States' intent to dispose of the property in such manner as the Attorney General may direct and will direct any person, other than Defendant Terrell Dennis Hubbard, having or claiming a legal interest in the property to file a petition with the Court (and serve a copy on Danielle Connolly, Assistant United States Attorney) within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture forfeiting to the United States the interest of Defendant

Terrell Dennis Hubbard in the following described property and ordering the Federal Bureau of Investigation, or other appropriate federal agency, to seize and maintain custody of the following forfeited property in accordance with the law:

1) fifteen rounds of 9mm Luger caliber cartridges bearing the markings "WMA 19" on the head-stamp;

2) one round of 9mm Luger caliber ammunition bearing the markings "G.F.L. 9mm LUGER" on the head-stamp;

3) two rounds of 9mm Luger caliber ammunition containing the markings ".FC. 9MM.LUGER" on the head-stamp;

4) four rounds of 9mm Luger caliber ammunition bearing the markings "SIG 9mm LUGER" on the head-stamp;

5) two rounds of 5.56 NATO caliber ammunition bearing the markings "LC 21" on the head-stamp; and

6) any and all ammunition and magazines not specified herein.

Respectfully submitted,

ROBERT J. TROESTER
United States Attorney

/s/ *Wilson D. McGarry*
WILSON D. McGARRY
Assistant U.S. Attorney
Oklahoma Bar No. 31146
210 Park Ave., Suite 400
Oklahoma City, OK 73102
Telephone: (405) 553-8700
Telecopier: (405) 553-8885
E-mail: wilson.mcgarry@usdoj.gov

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 23, 2022, I electronically filed the foregoing Motion for Preliminary Order of Forfeiture with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

I hereby certify that on June 23, 2022, I served the attached document by first class mail, certified mail and/or by personal service by the U.S. Marshals Service on the following, who are not registered participants of the ECF System:

      Terrell Dennis Hubbard
      Defendant

                          /s/ *Wilson D. McGarry*
                          Assistant U.S. Attorney

6